ABRAM BRINSMAID, Administrator of JOHN COLLARD *v.* NA- <sup></sup> Chittenden, January, 1837.
THANIEL MAYO.

In an action of account against one, as tenant in common of lands, counting upon the Statute remedy, the declaration must set forth the particular interest and estate of each party, in the land, and must allege, directly, that defendant has received more than his just share of the profits of the estate, or it will be bad on demurrer.

A plea in bar to such action, in the name of an administrator, setting forth that the intestate had parted with all interest in the land, before his decease,by conveying the same tothe present plaintiff,is good for so much of the declaration as claims to recover of defendant, as bailiff of plaintiff, in his representative capacity.

Matter of estoppel must be so pleaded, or it will be considered as waived.

Account will not lie to recover damages, as for a tort.

A plea in bar, that plaintiff has recovered the same lands in ejectment, and damages for the use, will be good in an action of account, for all the time subsequent to the disseizin alleged, and found in the former action.

THIS was an action of account, wherein the plaintiff declares in two counts. First, Claiming an account of the defendant of certain lands, which he occupied during the life time of the intestate, as tenant in common with him ; and, Second, For having occupied the same lands since the decease of Collard. Neither count in the declaration alleges that Collard was seized of one moiety, or of any other portion of the estate, but only that defendant was seized, as tenant in common with plaintiff, of one moiety,and was in one instance bailiff of Collard, and in the other of Brinsmaid and bound to render a just account of rents and profits, which he should receive more than his just share,and then alleges that he refused to render any account, without alleging that he had received more than his just share. The declaration concludes *contra formam statuti.* The defendant pleads, 1st. That Collard had conveyed all his interest in the premises to plaintiff, Brinsmaid, in his life time by deed, signed, sealed,well executed, acknowledged and delivered,and that, at the time of his decease, he had no interest whatever, in the premises. To this plea there is a general demurrer.

2. The defendant pleads that the said Collard, in his life time, commenced his action of ejectment, for the recovery of the same land, which was pending, at the time of his decease, and prosecuted by plaintiff, as administrator, to final judgment, in which the land was recovered and damages for rents and profits ; and so the same matter has been adjudicated.

Chittenden,
January,
1837.

Brinsmaid,
Adr. of Col-
lard
v.
N. Mayo.

To this, the plaintiff replies, that defendant, in that action, filed his declaration for betterments, and recovered $150, which was allowed by the court, and paid by plaintiff, and that the judgment in plaintiff's favor did not include the use, rents and profits of this land.

To this replication there is a general demurrer and joinder in both cases. The County Court rendered judgment for the defendant. To this decision, plaintiff excepts and exceptions allowed, and the case comes here for revision.

*C. Adams, for defendants.*—I. The admission, that Collard had conveyed all his interest in the land, is a perfect bar to all claim, made in the first count.

The allegation here is, that defendant was tenant in common with plaintiff, as administrator of Collard. But if Collard, at his death, had no title, nor interest in the land, there was nothing, of which they could be tenants in common.

II. By the pleadings to the second count, it is admitted that there was a recovery in March, 1830, in the ejectment brought originally by Collard, that the damages have been paid, and that plaintiff, as administrator, had taken possession.

The statute provides, (page 85) that the plaintiff in ejectment shall recover his damages, as well as the possession. This, then, is a bar to all claim, up to the recovery. *Burton* v. *Austin, et al.* 4 Vt. Rep. 105.

III. If, after the recovery, defendant had remained in possession, plaintiff could not recover in this count, but must count upon a tenancy with him, either in his own right, or as administrator of Collard.

IV. But the replication to the plea to the second count is defective.

1. It introduces various new matters, and, without even professing to traverse the plea, concludes to the jury.

2. It neither answers nor traverses the plea.

3. It is a departure from the writ the writ alleging a tenancy with Collard, from September 9, 1826, to June 1, 1829, and the replication, in effect, alleging a tenancy from March, 1830, to April, 1833.

4. For *duplicity*, in setting out the nature of the recovery against defendant, the claim of the defendant, in his bill for betterments, the extent of the possession, by the defendant, and also, the limitation of the possession of the plaintiff, under his writ of possession.

5. It is confused and multifarious, comprehending a variety of distinct matters, having no legal connexion, and wholly irrelevant.

V. The declaration is also defective.

1. It is not alleged in either count, that any title existed in the plaintiff, nor that the defendant has received any more than his share, and, by the authorities, both are necessary. 1 Bac. Ab. 32. 3 Chitty Pl. 579. *Wheeler* v. *Horne,* Willes, 208.

2. By the common law, account would not lie between tenants in common, unless plaintiff had actually constituted defendant his bailiff. Co. Lit. 172, a. Idem. 200. B. 1 Bac. Abr. 31.

3. Our statute (p. 142) is similar to the English statute, giving an action of account, where defendant *has received more than his proportion.*

4. In the second count there is a strange jumble, that defendant was tenant in common with Collard, and, as bailiff of Brinsmaid, administrator, was bound to render an account thereof to Collard.

*H. Leavenworth, for plaintiff.*—Argued, 1st. That the deed from Collard to Brinsmaid does not affect Brinsmad as administrator. *Blodget* v. *Brinsmaid, Administrator of Collard,* 7 Vt. Rep. 1.

2. The action of ejectment, which this plaintiff brought against the defendant, did not include any thing for the use of the land, as the damages in it were only nominal, which appears from the reccord, and the plaintiff was kept out of possession by the declaration for betterments, and did not get possession until April, 1833, which also appears of record.

3. The introduction of the declaration for betterments, in the plaintiff's replication, is not new matter, as it is a part of the same proceeding, set forth in the defendant's plea, and has a direct connection with the action of ejectment, and is a part of the same transaction, and introduced, with other circumstances, to show that the plaintiff did not have the occupancy of the premises.

REDFIELD, J. delivered the opinion of the Court.

The pleadings, as presented to the Court, do not seem to have been settled, with much of that technical precision, which emphatically denominates special pleading to be the science, the language, and the essence of the law. And, indeed, such precision, however desirable, could hardly be expected, in the hurry

Chittenden,
January,
1837.

Brinsmaid,
Adm.
v.
Mayo.

and confusion of a *nisi prius* term. But as it was the desire of the parties, that the Court should pass upon the questions discussed at the bar, we have done it, without much regard to the inartificial manner, in which they are hinted at upon the record.

The second plea in bar is most manifestly not avoided, or in any way affected by the plaintiff's replication. For it could not affect this judgment, or, indeed, the judgment in ejectment, whether the defendant filed his declaration, and recovered for betterments, or not. It might, *in foro conscientiæ* be entitled to more or less consideration, but could, in no sense, be a ground of confirming or avoiding the judgment in ejectment.

But this was probably intended by the pleader, as merely inducement to that part of the replication, in which plaintiff denies that any recovery was had in the action of ejectment, for the *use* of the land. Whether such recovery was, or was not had in the action of ejectment, is not material, but only whether the question of use was properly *before the Court* in that suit. If so, and the matter was *adjudicated,* it is not material, whether nominal or real damages were assessed. Or if, in any other mode, the judgment in the former suit is an estoppel upon the plaintiff in this case, then the defendant may well rely upon it as such.

It is well settled, that the action of account will only lie where there is a privity of contract, or privity of estate, and will not lie to recover damages, as for a tort. 1 Swift's Dig. 581. And the action of ejectment is founded upon a supposed wrongful disseizin of plaintiff, by the defendant, and will, from its very nature, exclude the possibility of recovery in account or assumpsit for rent, during defendant's occupancy, subsequent to the *ouster.* And unless defendant was plaintiff's bailiff before the *ouster* found, in the action of ejectment, there would not seem to be any sufficient ground for this action. That is not relied upon. Whether after the *ouster,* the recovery in ejectment of nominal damages will conclude the plaintiff's right to recover further damages, it may be sufficient to say, that such has always been the practice of Courts in this State, since the statute giving the plaintiff the right to recover damages, as for *mesne* profits, in ejectment. And such, it is believed, is the general understanding of the profession. It is considered, that that statute has, in this State, merged the action of trespass for *mesne* profits, with the

Chittenden,
January,
1837.

Brinsmaid,
Adm.
v.
Mayo.

action of ejectment. And so of course, there could be but one recovery for the same cause of action. This plea in bar would thus seem to be a sufficient answer to the declaration, as it applies to the same time there relied upon.

The first plea in bar shows that Collard had conveyed the land to Brinsmaid, before his decease, and at the time of his decease, had no interest whatever in the same. This would seem to be a sufficient answer to the plaintiff's claim to recover for the use of the land, since the decease of Collard, in his representative capacity. But it is said that Brinsmaid's recovery, in ejectment, of this same land, as administrator of Collard, estops the defendant to rely upon this plea. That is undoubtedly true. But when an estoppel is a matter of record, and thus capable of being pleaded, and the party has an opportunity of pleading it, it must always be so pleaded, or it will be considered as waived. Here this plea is demurred to generally. And although we might hold in some cases, that a matter of this kind, which was pleaded generally, and not as an estoppel, was conclusive upon the right, nor could we surely do that, when the matter, relied upon, was not even pleaded, except to another part of the case. This plea, then, would seem to be a sufficient answer to that portion of the declaration, which it professes to answer.

In looking into the declaration, we are satisfied it is bad. This is an action of account between tenants in common, of lands, which did not lie, at common law, except upon special appointment of one tenant to be the bailiff of the other, which is not relied upon here. This is a declaration against defendant, as bailiff of the rents of the common land, which he is made liable to account for, in this form of action, by statute. The action is given as between tenants in common. In other words, it is made to depend upon privity of estate. This privity of estate should be distinctly alleged, as the foundation of the action. It is here alleged, that defendant is seized of one moiety, as tenant in common with plaintiff, but it is not alleged that plaintiff or his intestate, were ever seized of the other moiety, and for any thing apparent, there might have been numerous owners of the other moiety, and all tenants in common with each other, and with defendant and plaintiff. For tenants in common may be seized of an equal portion of the common estate.

Chittenden,
January,
1837.

Brinsmaid,
Adm.
v.
N. Mayo.

How this is, does not appear. If it be as supposed, the only remedy is in Chancery. *Wiswell* v. *Wilkins*, 4 Vt. Rep. 137.

It is not alleged, except by way of inference, that defendant had received "more than his just share of the profits of the estate," which is the only ground upon which the statute gives the remedy here sought. And the allegation, that the defendant was to account for what he received, more than his just share, and that he refused to account at all, might be very consistent with his not having received more than his just share. Such has been the construction given to the English statute, 4 Anne C. 16., and such we think the only rational construction. *Wheeler* v. *Horne*, Willes, 208.

The declaration should allege, that the plaintiff and defendant were tenants in common of the estate, setting forth, specifically, of what particular portion each was seized, so that the particular relation of the parties, in regard to their respective interests in the same, could be seen by the Court. And the declaration should allege that defendant had received more than his just share of the profits, within the true intent of the terms of the statute. In both these particulars we think the declaration bad. Upon every ground the defendant is entitled to have judgment. The plaintiff moved for leave to amend. As the case came here by appeal, the judgment below was vacated by the appeal, and leave to amend was granted plaintiff, on terms.