CHITTENDEN, *January,* 1842.

Beach *v.* Beach.

---

ROBERT BEACH *v.* THADDEUS L. BEACH.

A trustee may recover, in ejectment, against his *cestui que trust.*

A jury will not be directed to presume a conveyance where the trustee could not be authorized to convey, or where it was evidently intended that the legal estate should remain in the trustee.

EJECTMENT for fifty acres of land in Hinesburgh. Plea not guilty, and issue to the country.

On the trial in the county court, the plaintiff, to maintain the issue on his part, introduced a deed from the original pro- prietor and other deeds, tending to prove a good and suf- ficent title in the plaintiff to the lot in question, and it was

admitted that the defendant was and had been in possession of the land from the time the plaintiff took his deed of the premises, which was something over fourteen years before the commencement of the suit, and it was not pretended by the plaintiff that he had ever claimed or received any rent of the defendant. The defendant, to maintain the issue on his part, offered to prove, by parol, that when the deed of the lot was taken by the plaintiff, it was taken in trust for the defendant; that the consideration paid for the land was seven hundred dollars; that one John Beach, the father of the parties to this suit, paid something over six hundred dollars of the purchase money of the land in question, and that this defendant paid the residue; that, at the time of the purchase, it was mutually agreed between the said John Beach, the father, and the said Robert and this defendant, that the plaintiff should take the title to the lot in question as the mere trustee, and for the sole use and benefit of this defendant; that, under that agreement, the plaintiff took the title and this defendant went into possession, and has ever since enjoyed the rents and profits of the land ; that for one or more years during the said fourteen, after the plaintiff took the title, the plaintiff hired the lot of this defendant, and paid him the rent therefor, and that from the time the plaintiff took the deed of the lot, as aforesaid, to the commencement of the suit, he, the plaintiff, had repeatedly and always admitted that the lot belonged to the defendant. But the court refused to admit the evidence upon the ground that such defence could not be made in a court of law in the action of ejectment, even by the *cestui que trust*, in possession, and directed a verdict for the plaintiff. To which decision and direction the defendant excepted.

*J. Maeck and Wm. P. Briggs*, for defendant.

Parol evidence is admissible, at law, to show that an absolute deed was intended by the parties as a mortgage, and, by parity of reasoning, it was admissible in this case. *Roach* v. *Cosine*, 9 Wendell, 227. *Stewart* v. *Service*, 21 Wendell, 36. *Walton* v. *Cranbury*, 14 Wendell, 63. *Town of North Hempstead* v *Town of Hempstead*, 2 Wend. 109, 134.

In Lord Mansfield's time, the legal estate of the trustee was

CHITTENDEN, not allowed to be set up against his own *cestui que trust*.
January, Adams on Eject. p. 33, *et seq.*, Clark's Ed.   *Ladd* v. *Hol-*
1842. *ford*; B. N. P. 110, S. C. Burr. 1416.   2 Vt. R. 684.   Doug.

Beach  710, 721.
*v.*
Beach.    We admit a different rule now prevails in England; but if
we have no decision to the contrary, we think Lord Mans-
field's opinion ought to be adopted here.

Such is the rule of decision in New York.   It is so also in
Pennsylvania.   *L. Delancy* v. *McKean,* 1 Wash. C. C.
354.   See note to 33d page of Adams on Eject.

The rule is the same also in Virginia.   *Hopkins & Wat-*
*son* v. *Ward, et al.*   6 Munford, 38.   Note to Adams on
Eject. p. 34.

Cases may be supposed where a court of law might not be
able to do complete justice by permitting the equitable title
to prevail.   As the instance of a number of *cestuis que trust*
or where a discretion is vested in the trustee to apply the pro-
perty according to the exigencies of the *cestui que trust*.
But these supposed cases are not this case.   Here the trus-
tee has nothing to do but to suffer the *cestui que trust*, to
take the whole profits.

We ought not to be driven to a court of chancery.   Be-
sides the unnecessary expense and delay, it is giving the de-
fendant, who has violated his trust, a manifest advantage, the
privilege of swearing himself clear.

The statute of 27 Henry 8, transfers the use to the pos-
session, and makes the estate of the *cestui que use* a legal
estate.   In Massachusetts and New York as well as other
states the courts have held that statute binding.

*Hyde & Peck,* for plaintiff.

An equitable title cannot be set up, at law, against the legal
title of the trustee.   *Shewen* v. *Wroot, et al.* 5 East. 132.
Swift's Dig. 507.   *Doe* v. *Pegge,* 1 T. R. 758.   *Doe* v. *Sta-*
*ple,* 2 T. R. 684.   *Doe* v. *Sybourn,* 7 T. R. 2.   *Goodtitle*
v. *Jones,* 7 T. R. 47.   *Doe* v. *Wharton,* 8 T. R. 2.   *Roe*
v. *Reed,* 8 T. R. 122.   *Rowe* v. *Lowe,* 1 H. Bl. 446.   1
Lord Kenyon's R. by Hanmer, 385. *Doe,* d.   *Grovenor* v.
*Snymmer,* Math. Pr. Ev. 228, 229.

In real actions in England this doctrine seems never to
have been questioned and is well settled in actions of eject-

ment. A doubt was once expressed as to the application of the principle to actions of ejectment, so far as to allow an outstanding trust term to defeat the action where both parties acknowledge the trust estate and claim only subject to it, the trustee not asserting his right. But this was upon the ground that, as ejectment did not put in issue the title, a dormant outstanding trust term, by way of incumbrance, ought not to be set by a stranger to bar the owner, who claims only subject to such incumbrance ( see justice Buller's dissenting opinion in *Doe,* d. *Hodsden* v. *Staple ubi. sup.*) There is no ground for any such distinction here, as our action of ejectment is in the nature of a real action ; besides, to allow such evidence to defeat a recovery by the trustee would deprive him of all control over the estate and defeat the whole object of the trust.

There is no ground to presume a conveyance from the trustee to the *cestui que trust.* To warrant such presumption it must expressly appear to have been the *duty of the trustee to convey* at a given period, and that the whole purpose of the trust is answered ; that the *cestui que trust* took possession at such period and that such possession can be explained on no other ground than a conveyance. When the purpose of the trust is *indefinite,* or the possession of the *cestui que trust* is consistent with the trust, or the purpose of the trust is not shown to have been *fully executed,* this presumption is not allowed. Math. Pr. Ev. 220, 226, 228, 229, 230, 231. *Milner* v. *Brightwen,* 10 East, 583. 2 Esp. R. 500. *Keene* d. *Lord Byron* v. *Dearden,* 8 East 248. It is doubtful whether this presumption is ever allowed except where there is a written declaration of trust. Nothing appears in this case to show that the trustee would have been guilty of a breach of duty in not conveying to the *cestui que trust.* The remedy is therefore in chancery, where the nature and purposes of the trust, the duty and conduct of the trustee, can be fully inquired into, and complete justice be done.

It cannot be pretended that the legal estate was executed in the *cestui que trust,* by virtue of the statute of uses, 27 Hen. VIII. This statute is not in force in this state; but if it be in force, then the system of trusts which grew out of it is also in force, which recognises a distinction between uses

and trusts, the latter not being within the statute. Trusts, since the statute, are what uses were before, and can be enforced only in equity. 4 Kent's Com. 303.

A trust cannot be shown by parol.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an action of ejectment in which the title is to be decided, the judgment in which is conclusive against both the plaintiff and defendant and their heirs. The question presented is, whether, at law, the title of the *cestui que trust* shall prevail against that of the trustee.

In the action of ejectment, in England, when the right of possession, only, is determined, the plaintiff must be vested with the legal title in order to maintain it, and no equitable title will answer. The trustee may maintain this action against his *cestui que trust*. *Read* v. *Read*, 8 Term, 118. In some of the states, where they have no court of chancery, a *cestui que trust* has been permitted to recover when chancery would direct a conveyance. But if it were so in this state, it would not help the defendant. There is nothing in the facts offered to be proved, which warrants the inference that a court of chancery would direct a conveyance, though they might prevent the plaintiff from disturbing the defendant's possession, unless it was to accomplish the purposes of the trust. There are no dicta in the decisions of any of the states, that the *cestui que trust* can, as against his trustee, either maintain or defend an action of ejectment.

The evidence offered did not present a case where the jury would have been directed to presume a conveyance. The trustee was under no obligation to convey to the defendant; but, on the contrary, the grantor did not intend that the legal estate should vest in him, and the plaintiff would have violated the trust had he made such a conveyance.

The principle is not different, if this was a resulting trust, except that such trust might be proved by parol. If a trust resulted from the fact that the purchase money was paid, six sevenths by the father, and one seventh by the defendant, the very object of the suit might have been to secure the portion due to the father. The trust, if any existed in this case, could only be enforced in chancery. The judgment of the county court is affirmed.