GEORGE W. STRONG *v.* RUFUS RICHARDSON.

If, in an action of account between tenants in common of land, the interest of each is not sufficiently set forth in the declaration, or if the fact of the receipt, by the defendant, of an undue proportion of the rents and profits is not properly stated, the proper course on the part of the defendant is to demur.

An allegation in the declaration, in such case, that the plaintiff and defendant were " joint and equal owners " of the land described, would probably be insufficient, on demurrer, as a statement of the tenancy; and an averment, that the defendant had the charge and administration of the land, and the possession thereof, and cut, sold and used timber to a large amount, and of a large value, " to render account for the same " to the plaintiff, is an insufficient statement of the reception, by the defendant, of an *undue proportion* of the profits. DAVIS, J.

But where the defendant, instead of demurring to such declaration, pleaded in bar, that he was not the bailiff of the plaintiff for the period claimed, and that the parties were not the joint and equal owners of the land in question, and that the defendant was not bound to account for whatever timber he cut and removed, adopting negatively the words of the declaration, and the issue joined thereon was found for the plaintiff, and judgment to account was thereupon rendered, it was held, that the defendant was precluded from taking advantage of the defects in the declaration, and that the defendant must be held liable to account.

ACCOUNT. The plaintiff alleged in his declaration, that the parties, from July 31, 1841, until the commencement of this suit, were the joint and equal owners of lot No. 24 of the third division of lots in Mendon, and that the defendant had the charge, administration and possession of the same, and cut, sold and used timber therefrom, to the value of $1000, to render account for the same to the plaintiff, when thereunto afterwards requested. The defendant pleaded in bar, that he was not the bailiff of the plaintiff for the time specified in the declaration, that the parties were not the joint and equal owners of the land specified, and that the defendant was not bound to account to the plaintiff for the timber which he had cut, sold and used from the land during the time;—and upon this plea issue was joined to the court.

Strong *v.* Richardson.

On trial by the court, September Term, 1844,—WILLIAMS, Ch. J., presiding,—the plaintiff gave in evidence deeds, showing that he was the owner of one undivided half of the lot of land described in his declaration, and gave evidence that the defendant was the owner of the remaining undivided half of the same lot; and he also gave evidence tending to prove that the defendant had cut timber upon the land and sold it.

The court decided, that the defendant was bailiff and receiver of the plaintiff, and rendered judgment to account. Exceptions by defendant.

An auditor was appointed, who reported, at a subsequent term of the court, that the plaintiff claimed to own one undivided half of the lot of land in question and the defendant owned the other half; that the defendant, subsequent to the acquiring of title to the lot by the plaintiff, had cut and carried away from the land a quantity of timber; and that a much larger quantity of the same kind of timber had been left standing on the premises, than what the defendant had so cut down. And the auditor found, that there was due to the plaintiff $58,50, being one half of the value of the timber so cut by the defendant,—subject to the opinion of the court upon the plaintiff's right of recovery.

The court accepted the report, and rendered judgment thereon for the plaintiff to recover the sum reported;—and the case was passed to this court for trial upon the exceptions reserved by the defendant.

*Pierpoint* and *Thrall & Pond* for defendant.

1. This is an action of account at common law; the declaration does not state those facts, which bring it within the purview of the statute. At common law no action of account could be sustained in favor of one joint tenant, or tenant in common, against the other, although he received all the profits, unless he was actually appointed bailiff, or receiver. 1 Bac. Abr. 17. Co Lit. 172 *a*; 186 *a*; 200 *b*. 1 Selw. N. P. 2. In this case there was no evidence of such appointment, and therefore the action, at common law, could not be sustained.

2. In actions founded upon the statute [Rev. St. c. 36, § 1] it is necessary to allege and prove, not only that the defendant was ten-

ant in common, or joint tenant, with the plaintiff, but that he has received more than his just proportion of the profits. *Brinsmaid* v. *Mayo*, 9 Vt. 31. *Ganaway* v. *Miller*, 15 Vt. 152. *Wheeler* v. *Horne*, Willes 208. 1. Petersd. 142. There being no such allegation in the declaration in this case, the plaintiff cannot recover under the statute.

3. But by the report of the auditor it appears, that the defendant has not received more than his just proportion. We contend, that for this reason the plaintiff cannot recover.

*Ormsbee & Edgerton* for plaintiff.

1. The expression "joint and equal owners," in the declaration, imports a tenancy in common. 6 Cruise, Tit. 38, c. 15, §§ 10–14, 17, 26. *Denn* v. *Gaskin*, Cowp. 657. *Lewin* v. *Cox*, Cro. Eliz. 695. 2 Bl. Com. 180, n. 4. 3 Bac. Abr. 198, (6 Ed.,) citing *Warner* v. *Hone*, Abr. Eq. 292.

2. The allegations in the declaration were denied by the plea and were sustained by the evidence; the judgment to account was therefore correct. Any supposed informality in the declaration should have been taken advantage of by demurrer, or by motion in arrest of judgment. *Onion* v. *Fullerton*, 17 Vt. 359. *Moore* v. *Wilson*, 2 D. Ch. 91.

The opinion of the court was delivered by

DAVIS, J. It is not doubted, that, under our statute, the action of account is a proper mode to equalize the reception of rents and profits between tenants in common of an estate, where one tenant has received more than his just share. If the interest of each is not sufficiently set forth in the declaration, or if the fact of the receipt of an undue proportion is not properly stated, the proper course on the part of the defendant is to demur. In the present case, although the defendant contends, that the plaintiff's declaration is vicious in both of these particulars, yet, instead of demurring, he chose to plead in bar, that he was not the bailiff of the plaintiff for the period claimed, and that the parties were not the joint and equal owners of the land in question, (being lot No. 24 of the third division of lands in Mendon,) and that he was not bound to account for whatever timber he cut and removed,—adopting negatively the language of

the declaration. The issue was thus formed, and, by consent, was tried by the court, and was found for the plaintiff. This closes the controversy, so far as the facts are concerned, in respect to the obligation to account.

The ulterior proceedings have determined, as is to be presumed, the true state of the accounts between the parties. The defendant now falls back upon the declaration, and insists that it is so defective, that no judgment ought to be given upon it in favor of the plaintiff.

Had the objections now urged been taken seasonably by demurrer, we have no doubt they must have prevailed. In the light of the cases of *Brinsmaid* v. *Mayo*, 9 Vt. 31, and *Ganaway* v. *Miller*, 15 Vt. 152, we are satisfied the declaration could not have withstood a demurrer, upon either of the points above indicated. The tenancy is stated in these words, " were the joint and equal owners of lot " &c. Here is no distinct statement of the amount of interest of either, whether a moiety, or a less quantity, nor, consequently, whether they were the only tenants in common of the lot, or whether others were associated in interest with them. There is an equal, if not a greater, want of explicitness in stating the reception by the defendant of an undue proportion of the profits ; it being merely said, that he had the charge and administration of the land and the possession thereof, and cut, sold and used timber to a large amount, and of a large value, " to render account for the same " to the plaintiff. As was said by the court in *Brinsmaid* v. *Mayo*, this is, at most, stating the requisite point by way of inference ; and if the matter had been presented here as it was there, the result must have been the same.

After a plea filed, however, which presented an issue of fact, and that found by the court for the plaintiff, which is equivalent to a verdict of a jury, the case is in the same situation, as if it were upon a motion in arrest, after verdict, for deficiencies of the declaration. In such a stage, the party has lost the advantage of many objections, which would have availed him, if insisted upon at an earlier period. The ordinary rule, in such case, is familiar to every one. The only difficulty is in the proper application of it to the almost infinitely diversified circumstances which may arise.

We are of opinion, upon mature consideration, that the objections urged to this declaration fall within that class which are foreclosed by a verdict. The documentary evidence in respect to the tenancy,

made a part of the case, leaves no doubt, that the parties were tenants in common, each of a moiety ; and all other circumstances necessary to charge the defendant appear upon the face of the auditor's report.   On both points the declaration is not entirely silent, but certainly inartificial and inexplicit.

The result is, the judgment of the county court is affirmed.