Hon. MILO L. BENNETT,  
Hon. LUKE P. POLAND, } Assistant Judges.  
Hon. ASA O. ALDIS,

---

## THOMAS CEARNES *v.* WILLIAM F. IRVING AND THOMAS STRATHERS.

### *Account. Pleading. Chancery*

In an action of account to compel an adjustment of the rights of the parties to the rents and profits, or the avails of the sale, of land, received by the defendant as joint owner, or tenant in common with the plaintiff, the declaration must set forth and define the interest and proportionate share of each of the parties in the land.

Cearnes *v.* Irving et al.

When the defendant holds the entire and legal title of the land, and the plaintiff has merely an equitable interest in it with him, the action of account will not lie to compel an account either of the rents and profits of the land, or of the avails of its sale. The only remedy is in equity.

ACCOUNT. The declaration set forth that the plaintiff and the defendants were jointly interested in certain lands to the amount of twenty thousand acres lying in McKeon county, Pennsylvania, the legal title of which was in the defendant Irving, but who held it in trust for the joint benefit of the plaintiff and the defendants, and that the plaintiff and the defendants were jointly interested in the profits arising from the sale of such lands; that on or about the 1st of February, 1855, the defendants sold said land for the joint profit and benefit of the plaintiff and defendants, for twenty-five thousand dollars in money and fifty thousand dollars in the capital stock of the Rutland and Washington Railroad Company; and that the defendants thereby received from the profits of said sale ten thousand dollars in money and twenty thousand dollars worth of said stock above their just share thereof, etc. etc., setting forth their refusal to account therefor to the plaintiff.

To this declaration the defendants demurred generally, and the county court, at the September Term, 1858,—ALDIS, J., presiding, —sustained the demurrer, *pro forma*, and rendered judgment for the defendants, to which the plaintiff excepted.

—— ——, for the plaintiff.

*Linsley & Prout*, for the defendants.

REDFIELD, Ch. J. It is evident this declaration is wholly deficient in the essential requisites to make one liable to render an account of the avails of land, as joint owner. We speak now of rents, use and occupation, or the products of land. To such an account, at common law, it is requisite that the declaration allege a joint title in the land of plaintiff and defendant, and the precedents contain a statement of the proportion owned by each. And from the very nature of the action, and because the judgment to account is regarded as fixing the nature and extent

of the liability, the declaration must contain, it would seem, these facts.

And a declaration stating merely that the plaintiff has an interest in the land, without defining it, is essentially defective. There being no general issue in this action, it is requisite that the essential facts should be definitely stated, that the plaintiff may know the precise grounds upon which he is called to render an account, and be able to plead specially to the cardinal points upon which the account is claimed. This point is expressly decided in regard in tenants in common, in *Brinsmaid* v. *Mayo*, 9 Vt. 31; 3 Chit. Pl. 1297.

It is clear then, we think, that no action at law can be sustained whereby to compel one to render an account of the rents and profits derived from real estate, the entire legal title to which is in the defendant. The action of account, at common law, will not lie upon a mere equitable title of tenancy in common, or joint tenancy, where the object is to recover for rents and profits.

And we see no reason why the same rule should not apply where the object is to recover for the avails of the land by sale. The difficulty is that the plaintiff shows no legal title to the property out of which the account arises. The very declaration shows that his only claim of title is an equitable one. And in such cases we regard it as perfectly well settled that the only proper remedy is in a court of equity, where all mere trusts are of right cognizable; 1 Story's Eq. Jur. secs. 453, 454.

It is perfectly well settled that at law the plaintiff could not have recovered his proportion of the land. And if he had been in possession, the defendant Irving might have recovered the whole land against the plaintiff; *Beach* v. *Beach*, 14 Vt. 28. And we are unable to perceive any better reason why the plaintiff should maintain an action of account for the avails of the sale of the land, than for his maintaining ejectment for the land.

The judgment of the county court is affirmed.