## John B. Fitzpatrick *vs.* Patrick Fitzgerald.

A deed of land to a Roman Catholic Bishop, and his heirs and assigns forever, " in trust for the Catholic community, for the purpose of a free burial ground," gives him an estate in fee; and he may maintain a writ of entry for the land against the *cestuis que trust.*

Action of tort for breaking and entering the plaintiff's close in Deerfield, and treading down the grass, and pulling up

and carrying away and converting to the defendant's use certain stakes set in the soil.

The answer denied that the close was the property of the plaintiff; and alleged that it was purchased and paid for by the defendant and others for the purpose of a free Roman Catholic cemetery, and was conveyed to the plaintiff, to be held by him in trust for the Roman Catholic community, for the purposes of a free burial ground; that after the conveyance of the close to the plaintiff, in trust as aforesaid, the defendant, with the others who paid for the close, held public meetings for the purpose, among other things, of surveying and allotting off the close into burial lots, to carry into effect the objects of the subscription, purchase and conveyance; that at an appointed time the subscribers went upon the close, and marked out, allotted and staked out a number of lots; that the defendant and others, to whom lots were thus appropriated, had since, at considerable expense, put them in a suitable condition, and ornamented them with shrubs, flowers and shade trees, and the defendant and some others had made interments upon some of these lots; that the plaintiff and his agents, among others a Roman Catholic priest, had, during and since this allotment, been upon the land, had seen from time to time the progress of the work, had taken part in and assisted at funerals, and had acquiesced in the survey and allotment; that the plaintiff, or some persons acting, as the defendant believed, by his order, had since been upon the land and resurveyed the same, and pulled up and carried away the stakes set by the defendant and others around their lots, and had to some extent interfered with the graves therein; and that this was done by the plaintiff, in part for the purpose of selling the land, and thus defeating the object of the purchase, and that it divided the close into too many lots for the convenience of those wishing to use them, and made it necessary to remove many of the bodies interred there, and seriously injured the improvements made on the lots.

At the trial in the superior court in Franklin at August term 1859, the plaintiff put in evidence a deed by which David R. Wait and Charles N. Munroe, in consideration of a sum of

34 *

money to them paid by " the Right Reverend John B. Fitzpatrick, Bishop of the Diocese of Boston, Massachusetts," conveyed " unto the said John B., his heirs and assigns," the close in dispute; " said tract to be held by said John B. in trust for the Catholic community, for the purpose of a free burial ground;" *habendum* "to the said John B., his heirs and assigns, to his and their use and behoof forever, in trust as aforesaid."

The defendant offered evidence to prove the facts stated in his answer. But *Rockwell*, J., being of opinion that the facts, if proved, would not constitute a defence to the action, rejected the evidence. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. Griswold,* for the defendant.

*G. T. Davis,* for the plaintiff.

METCALF, J. The *St.* of 1855, *c.* 314, § 1, cannot be applied to the deed which conveyed the *locus in quo* to the plaintiff That conveyance is to him, and his heirs and assigns forever, and not to him " and his successors in any ecclesiastical office." He therefore took an estate in fee simple. And though he holds " in trust for the catholic community, for the purpose of a free burial ground," yet, as he is seised and holds in fee, he can maintain an action at law for any injury to the estate. Even when the *cestuis que trust* are individuals named, the trustee may maintain a writ of entry, ejectment or trespass *quare clausum fregit* against them. *Crane* v. *Crane,* 4 Gray, 323. *Roe* v. *Reade,* 8 T. R. 122, 123. *Beach* v. *Beach,* 14 Verm. 28. *Moore* v. *Spellman,* 5 Denio, 225. Lewin on Trusts, 482. There would doubtless be an exception to this rule of law in a case in which, by the terms of the trust, or by agreement of the trustee, the *cestuis que trust* were entitled to actual possession of the trust estate.

The answer of the defendant shows no breach of trust by the plaintiff; and if such breach were shown, it would be no defence to this action. The remedy of a *cestui que trust* for the trustee's breach of trust is not by taking the trust property into his own hands and forcibly withstanding the trustee's disposition of it. *Exceptions overruled.*