## ADMR. OF JANE LEONARD

v.

## EXR. OF JERRY LEONARD.

JANUARY TERM, 1895.

*Probate court has no jurisdiction of equitable claims. Amendment of declaration in county court.*

1.   Upon an appeal from the disallowance of a claim by the probate court, the county court may allow the filing of a declaration in account in place of a declaration in assumpsit for the same cause of action.

2.   Where the origin of the claimant's title is purely equitable, the probate court has no jurisdiction.

3.   The testimony tended to show that the intestate of the defendant held title to a farm, which had been partly paid for by the money of the plaintiff's intestate; that said farm had been sold, and the entire avails paid to defendant's intestate. *Held,* that the probate court had no jurisdiction of the claim of the plaintiff's intestate to a portion of such avails.

4. The equitable powers conferred upon law courts in connection with the action of account have reference to the administration of suits where the title of the parties is legal. They do not confer jurisdiction where the title is equitable.

Appeal from the probate court for the district of Rutland. Trial by jury at the September term, 1893, Rutland county, TYLER, J., presiding. The court directed a verdict for the defendant. The plaintiff excepts.

The evidence of the plaintiff tended to show that his intestate, Jane Leonard, her sister Nancy Leonard, and the defendant's intestate, Jerry Leonard, their brother, lived together as one family, carrying on different farms in the town of Rutland for many years ; that subsequently they purchased a farm in Pittsford, upon which they continued to live until after the death of the two sisters ; that they paid a portion of the purchase price down and gave a mortgage for the balance ; that the amount which they paid down belonged to the three jointly, and that the mortgage was subsequently paid off with money produced by their joint efforts.

Nancy died in 1884, and Jane in 1886. Soon after the death of Jane, Jerry sold the farm and stock, receiving his pay therefor in money. The evidence of the plaintiff tended to show that after the sale he admitted to various persons that his sisters had an interest in the property.

The declaration of the plaintiff was in general assumpsit. After the conclusion of the plaintiff's testimony, the defendant moved the court to direct a verdict in his favor, for that if the plaintiff had any cause of action it was not in assumpsit, but in account. Thereupon the plaintiff moved the court for leave to file a declaration in account as an amendment of the declaration in assumpsit already on file. The court held, as a matter of law, that the declaration could not be so amended in the county court, to which the plaintiff excepted.

*George E. Lawrence* for the plaintiff.

The amendment to the declaration should have been allowed. *Brown* v. *Brown*, 66 Vt. 76.

*J. C. Baker* for the defendant.

The request of the plaintiff to amend his declaration after verdict was properly denied. It entirely changed the grounds of his recovery, and was practically the beginning of a new suit. *Carpenter* v. *Gookin*, 2 Vt. 495 ; *Train* v. *James*, 11 Vt. 444 ; *Austin* v. *Burlington*, 34 Vt. 506 ; *Hill* v. *Smith*, 34 Vt. 535 ; *Dana* v. *McClure*, 39 Vt. 197 ; *Brodick* v. *Hirshfield*, 57 Vt. 12 ; *May* v. *Williams*, 3 Vt. 239.

ROSS, C. J. The county court erroneously, held as a matter of law, that the appeal papers could not be amended in that court, and for that reason it could not allow the plaintiff to amend his declaration by filing a declaration in account. *Brown* v. *Brown*, 66 Vt. 76 ; *Cutting* v. *Est. of J. W. Ellis*, reported in this volume.

But if it had allowed the amendment, it would not have availed the plaintiff. The claim, if any, in favor of the plaintiff estate against the defendant estate is equitable in its origin, and in the extent of the plaintiff's right. Of such claims the probate court has not jurisdiction. At law, the title to the farm in Pittsford, and the title to the money coming from its sale, were vested in Jerry Leonard, and at law the plaintiff estate could not establish that there was a resulting trust therein in its favor, nor could it establish the extent or amount of such trust interest. The equity powers conferred upon the probate court and upon appellate courts of law do not extend to the establishment of purely equitable claims and equitable rights. *Mann* v. *Mann*, 53 Vt. 48 ; *Graves* v. *Wakefield*, 54 Vt. 313 ; *Little* v. *Dwinell*, 57 Vt. 311 ; *Purdy* v. *Purdy*, 67 Vt. 50.

The testimony in the county court tended to establish that

the money used in making payment for the purchase of the farm in Pittsford, the title to which was taken to Jerry Leonard, in part belonged to each of his sisters, Nancy and Jane, and that the mortgage given to secure the balance of the purchase money was paid in part with money belonging to each of them. To the extent that the money belonging to each sister went to make the first payment for the farm, and probably to make payment of the mortgage given to secure the payment of the balance of the purchase money, on the facts which the testimony tended to establish, there was in equity a resulting trust therein to her vested in Jerry Leonard. To establish this trust and to ascertain its extent, resort must be had to a court of equity. *Pinney* v. *Fellows*, 15 Vt. 525.

Revised Laws, 1214 to 1217, conferring certain equity powers upon courts, which have jurisdiction of the action of account in such action, is confined to actions in which the legal title to the property brought into contention exists in the parties as co-partners, co-tenants or co-parceners. But where the parties' rights are strictly equitable in their origin and extent, the action of account cannot be maintained. *Cearnes* v. *Irving*, 31 Vt. 604. There is no allusion to the acts of 1852 and 1853 embodied in R. L., 1214 to 1217, in *Cearnes* v. *Irving*. Yet that action was brought after those acts were passed. Besides, the grounds of that decision show that the acts of 1852 and 1853, giving courts at law certain equitable powers, are not applicable to the case at bar. A resort to equity being necessary to establish both the right and the extent of the right of the plaintiff estate in the defendant estate, assumpsit could not be sustained to enforce it.

There is another objection to the maintenance of either assumpsit or account. The right of the three estates on the facts which the testimony tended to establish are intermingled in such a manner that each estate has the right to be

heard in regard not only to its own right and the extent of it, but as an incident to its rights in regard to the right and its extent of each of the other estates. Hence, it is necessary to have all the estates before the court that its judgment may bind all. The estate of Nancy is not made party to this proceeding, and probably could not be. If no administration has been, nor should be, taken on that estate, a court of equity could bring before it and adjudicate the rights of those who may be entitled to that estate.

*Judgment affirmed.*